UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 4:14-cv-10034-KING
KEY WEST DIVISION

JAMES B. NEWTON,
RUTH L. NEWTON,
ROBERT D. REYNOLDS and
JULIANNE C. REYNOLDS,

      Plaintiffs,

v.

MONROE COUNTY, FLORIDA,
a political subdivision of the State of Florida,

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon cross-motions for summary judgment: Defendant's Motion for Summary Judgment (DE 17) and Plaintiffs' Motion for Partial Summary Judgment (DE 19). The cross-motions are fully briefed. For the reasons that follow, and with the benefit of oral argument, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiffs' Motion for Partial Summary Judgment.

### I.    Facts and Procedural History

The undisputed material facts are as follows. Under a September 1991 Territorial Agreement approved by the Florida Public Service Commission, Keys Energy Service (a municipal utility) agreed to provide electric service to customers from Key West to Pigeon Key, including No Name Key. By July 2012, Keys Energy had installed electric facilities on No Name Key but had not yet provided service to customers because of the County's

opposition. Relevant here, the County refused to grant an electric permit to Robert and Julianne Reynolds, and revoked an electric permit that the County had granted to James and Ruth Newton. The County's stated reasons for doing so are that it believed the extension of electric utility service to No Name Key was prohibited by the County's comprehensive plan and land development regulations/ordinances—including Ordinance 043-2001—which were implemented to further the County's goals of limiting development and protecting the environment.

In an effort to seek judicial approval of its efforts, the County sought a declaration in Florida state court as to whether it could lawfully prevent Keys Energy from providing electric service to No Name Key residents. The state trial court dismissed the action. Florida's Third District Court of Appeals affirmed, holding that the Florida Public Service Commission had exclusive jurisdiction to decide the issue. *See Roemmele-Putney v. Reynolds*, 106 So. 3d 78 (Fla. 3d DCA 2013).

In accordance with the *Roemmele-Putney* decision, Plaintiffs and the County (and others) proceeded before the Florida Public Service Commission. The Commission ruled against the County, deciding that the County could not prevent the extension of electric utility service to No Name Key, and that No Name Key residents were entitled to electric utility service under the 1991 Territorial Agreement. *See In re Complaint of Robert D. Reynolds*, PSC-13-0207-PAA-EM, 2013 WL 2298327 (Fla. P.S.C. 2013). The County could have appealed the Commission's decision to the Florida Supreme Court.[1] Instead, upon the Commission's decision (on that same day), the County and Plaintiffs entered into an agreed

---

[1] *See* Art. V, § 3(b)(2), Fla. Const.

mandamus order in Florida state court, which ordered the County to grant electric permits to Plaintiffs. DE 1-1, at 17–20. Plaintiffs then amended their state court complaint to plead counts for violations of (1) their equal protection rights under 42 U.S.C. § 1983 and (2) their Florida substantive due process rights. The County removed the action to this Court.

## II.     Standard on Motion for Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.* at 256. On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *Id.* at 255. In reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence or undertaking credibility determinations. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010).

## III.    Defendant is Granted Summary Judgment on Plaintiffs' Count 2

At oral argument, Plaintiffs conceded the County's position that "there is no cause of action for money damages against the state, its agencies or employees . . . arising directly under the due process clause, article I section 9, of the Florida Constitution." *Garcia v.*

3

*Reyes*, 697 So. 2d 549, 550 (Fla. 4th DCA 1997). Accordingly, the County's motion for summary judgment is granted as to Plaintiffs' Count 2.[2]

### IV. Plaintiffs Did Not Plead a Procedural Due Process Claim

In Plaintiffs' Motion for Partial Summary Judgment, they claim for the first time that their procedural due process rights were violated. Even though Plaintiffs did not explicitly plead a procedural due process violation, they argue that one is properly before the Court based on the following statement in their Amended Complaint: "This is an action for relief pursuant to 42 U.S.C. §1983 for violation of the Plaintiffs' Fifth and Fourteenth Amendment rights." DE 1-1, at 11. "Included in those rights is the right to procedural due process," Plaintiffs explain. DE 33, at 8.

The Amended Complaint contains only two counts—a 42 U.S.C. § 1983 claim for violations of Plaintiffs' equal protection rights, and a claim for violations of Plaintiffs' Florida substantive due process rights. The Court concludes that the above-referenced statement in the Amended Complaint did not put the County on notice of a procedural due process claim. (The statement appears under the heading, "Count I – Discrimination Pursuant to 42 U.S.C. §1983 for Violation of Applicants Equal Protection Rights."). Plaintiffs simply did not plead a violation of their procedural due process rights. They cannot do so for the first time on summary judgment. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) (Rule 8's liberal pleading standard "does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage."). Accordingly, Plaintiffs'

---

[2] Plaintiffs have expressly disclaimed any attempt to recover for violations of their federal substantive due process rights. DE 26, at 2.

4

Motion for Partial Summary Judgment is denied to the extent it seeks relief for violations of Plaintiffs' procedural due process rights.

### V. Plaintiffs' Equal Protection Claim

Plaintiffs have brought a "class of one" equal protection claim. The Supreme Court recognizes such a claim "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "To prove a 'class of one' claim, the plaintiff must show (1) that he was treated differently from other similarly situated individuals, and (2) that the defendant unequally applied a facially neutral ordinance for the purpose of discriminating against him." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F. 3d 1301, 1307 (11th Cir. 2009).

#### A. Plaintiffs Fail to Identify Differently Treated, Similarly Situated Individuals

While Plaintiffs' electric permits were denied and revoked, the County granted numerous electric permit applications to residents of Big Pine Key. Plaintiffs argue that those Big Pine Key residents are the similarly situated persons who were treated differently than Plaintiffs. It is undisputed that the County did not grant permits to any No Name Key resident during the relevant period.

The parties debate whether the environmental qualities and concerns of No Name Key and Big Pine Key are similar so as to render the property owners of the two Keys similarly situated for equal protection purposes. This debate must remain unresolved. Another of the County's arguments is dispositive of the similarly situated issue. It is undisputed that all properties on Big Pine Key are in areas that were electrified decades before the County

5

enacted Ordinance 043-2001 and before it denied or revoked Plaintiffs' permit applications. For this reason, the County argues, residents on Big Pine Key who were granted electric permits are not similarly situated to Plaintiffs. The Court agrees.

The Eleventh Circuit has frequently noted that "the 'similarly situated' requirement must be rigorously applied in the context of 'class of one' claims." *Leib*, 558 F.3d at 1307. "Employing '[t]oo broad a definition of 'similarly situated' could subject nearly all state regulatory decisions to constitutional review in federal court and deny state regulators the critical discretion they need to effectively perform their duties.'" *Id.* (alteration in original) (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1203 (11th Cir. 2007)). Here, the County's stated reasons for its decision to deny and revoke Plaintiffs' electric permits was its belief that its comprehensive plan and land development regulations/ordinances—which were implemented to further the County's goals of limiting development and protecting the environment—prohibited further electrification. So it continued to grant electric permits to residents in already-electrified areas (Big Pine Key) and refused to grant permits to residents in non-electrified areas (No Name Key). In other words, it treated dissimilarly situated persons dissimilarly, which does not violate the Equal Protection clause. *E & T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir. 1987).

The undisputed evidence shows that Plaintiffs were not treated differently than similarly situated persons. Therefore, it is unnecessary to determine whether genuine issues of material fact remain as to the rationality of the difference in treatment.[3] Plaintiffs' class-

---

[3] The Court notes that Plaintiffs rely on dictum from a due process case to argue that "an act which a government has no authority to perform cannot have a rational relationship with a

...

of-one equal protection claim fails at step one as a matter of law. Defendants are entitled to summary judgment on all counts of Plaintiffs' Amended Complaint.[4]

Therefore, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. That Defendant's Motion for Summary Judgment **(DE 17)** be, and the same is, hereby **GRANTED**.

2. That Plaintiffs' Motion for Partial Summary Judgment **(DE 19)** be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 20th day of March, 2015.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record

---

legitimate government purpose." DE 33, at 3 (relying on *Seventh Street, LLC v. Baldwin Cnty. Planning & Zoning Comm'n*, 172 F. App'x 918 (11th Cir. 2006) (unpublished)). The rational basis test does ask "whether the government has the power or authority to regulate the particular area in question." *Leib*, 558 F.3d at 1306. Yet answering this question does not appear to be requisite to deciding a class-of-one equal protection claim where, as here, Plaintiffs challenge the unequal application of a neutral law rather than challenging a law that classifies. *See id.* (determining that a county commission's rule survives rational basis review and "*also* reject[ing] the 'class of one' equal protection argument . . . alongside Leib's traditional equal protection claim") (emphasis added). Neither party has cited an instance where a court has found a class-of-one equal protection violation based solely on a government's lack of authority to regulate in a given area.

[4] Two Plaintiffs' motions to exclude are currently pending (DE 20; DE 27). The motions attack affidavits offered by the County that were not necessary to the Court's decision on the instant cross-motions for summary judgment, and that did not form the basis for any of the Court's findings of fact herein.